(No. 2780—

BONITA SWAFFORD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 30, 1936.*

ISAAC K. LEVY, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant is the surviving widow of one Clifton Swafford who was employed by respondent under the Department of Public Works and Buildings, Division of Highways, as a mud jack foreman in performing repair work on the public highways of Illinois. Said employee began working for the State about February 3, 1933 and continued until the day of his fatal injury, the 12th day of November, 1935. On the latter date while in the course of his labors on Route No. 143 near Harrisburg, Illinois, he was run into and struck by an automobile driven by one Herman Malone, thereby receiving injuries from which he died the following day.

A stipulation of facts has been entered into between the parties and from same it appears that nothing is to be gained by attempting to determine the liability of Herman Malone, or his financial responsibility for same, as the record shows

238

that he is a coal miner, employed in Saline County at the Horco mine, owns no property, and was driving an automobile, owned by his brother, for his own individual pleasure and convenience at the time; that neither he nor the owner of the car carried any public liability, and that he is insolvent, and that a judgment against him would be of no value. It further appears that from November 1, 1934 to October 1, 1935 Clifton Swafford received wages of One Hundred Ten ($110.00) Dollars per month and from October 1, 1935 to the date of his death his wages were One Hundred Twenty ($120.00) Dollars per month. He was thirty-two (32) years of age, a resident of the City of Murphysboro, Illinois, and left surviving, his widow, the claimant herein, Bonita Swafford, now thirty-one (31) years of age; Clifton Swafford, Jr., aged eight (8) years at the time of his father's death; also Helen Swafford, his widowed mother, all of whom were dependent upon him for support and maintenance. Deceased carried two policies of life insurance, one policy naming claimant as the beneficiary and the other naming his mother as beneficiary, each policy being for One Thousand ($1,000.00) Dollars, with double indemnity in case of accidental death; both of which policies are now being collected on.

Claimant seeks an award of Four Thousand Four Hundred Fifty ($4,450.00) Dollars on account of the death of her husband, together with the sum of Eight ($8.00) Dollars paid by her for medical, surgical and hospital services for the deceased, and also asks reimbursement for Four Hundred Forty One ($441.00) Dollars expended by her for funeral expenses and the Coroner's inquest.

The record shows that deceased was employed by the State at the time of his death and that the injuries causing same were accidental and arose out of and in the course of his employment. Under the provisions of the Workmen's Compensation Act and the Court of Claims Act claimant is entitled to an award. The earnings of deceased for the year preceding his death were One Thousand Three Hundred Thirty ($1,330.00) Dollars and the amount of the award would therefore be the maximum of Four Thousand ($4,000.00) Dollars plus the additional sum of Four Hundred Fifty ($450.00) Dollars due by reason of the one child, Clifton

Swafford, Jr., plus the further sum of Eight ($8.00) Dollars expense incurred for medical, surgical and hospital service, making a total of Four Thousand Four Hundred Fifty Eight ($4,458.00) Dollars. (See *Hesler* vs. *State,* 8 C. C. R. 594, Sec. 7, Sub-Secs. (a), (h-3), Ill. Workmen's Compensation Act.)

No provision exists for payment of funeral expenses and no award is made for that part of plaintiff's claim. (See *Brittin* vs. *State,* 8 C. C. R. 614.)

An award is therefore made to claimant in the sum of Four Thousand Four Hundred Fifty Eight ($4,458.00) Dollars, Four Thousand Eight ($4,008.00) Dollars of which is awarded to claimant, Bonita Swafford, in her own right and Four Hundred Fifty ($450.00) Dollars thereof being awarded to Bonita Swafford next friend for the use of Clifton Swaford, Jr., said award being payable as hereinafter provided:

Under the rules of the Workmen's Compensation Act the award is made payable in weekly installments at the rate of Twelve and 78/100 ($12.78) Dollars per week. The time that has elapsed from the date of the death of deceased until June 1, 1936, when it is assumed the first payment will be made to claimant, will be twenty-nine (29) weeks. Claimant will therefore be entitled to receive on June 1, 1936 the sum of Eight ($8.00) Dollars expense of last illness and Three Hundred Seventy and 62/100 ($370.62) Dollars for payments on compensation due to that time, leaving a balance of Four Thousand Seventy Nine and 38/100 ($4,079.38) Dollars to be thereafter paid at the rate of Twelve and 78/100 ($12.78) Dollars per week, payable in monthly installments, subject to the further provisions of the Illinois Workmen's Compensation Act.

This award being subject to the provisions of an Act entitled "*An Act making an appropriation to pay compensation claims of State employees and providing for the method of payment thereof,*" approved July 2, 1935 (Sess. Laws of 1935, Page 49) and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from the Road Fund in the manner provided for in such Act.